## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius A. Woodard, | ) | Case No.: 1:17-cv-3200 |
| | ) | |
| | ) | |
| Petitioner, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| State of South Carolina; Solicitor Scarlett | ) | |
| Wilson; and Sheriff Al Cannon, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the

Magistrate Judge (Dkt. No. 12) recommending that this Court dismiss the petition in this case

without prejudice and without requiring the respondent to file an answer. For the reasons set

forth below, this Court adopts the R. & R. as the order of the Court.

**I.    Background and Relevant Facts**

Demetrius A. Woodard ("Petitioner"), proceeding *pro se* and in forma pauperis, filed this

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee

at the Charleston County Detention Center awaiting disposition of charges for failure to stop for

blue light. (Dkt. No. 1-2 at 1–3). He argues he was denied the right to a bond and that his

appointed attorney denied him access to court when the initial bond was set. *Id.* at 8. Petitioner

also contends he is innocent. *Id.* at 9. Petitioner demands that his charges be dismissed or that he

be granted a personal recognizance bond. *Id.*

**II.   Legal Standards**

**a.  *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the

development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v.*

*Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.  Discussion

The Magistrate Judge explained in the R. & R. that Petitioner is precluded from federal habeas relief under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) because he seeks dismissal of his pending criminal charges or a personal recognizance bond but has failed to show that he has no adequate remedy at law or that he will suffer irreparably injury if denied relief. In particular, Petitioner can pursue his denial of bond or innocence claims during the disposition of his criminal charges.

In *Younger*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin*

*Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). As the Magistrate Judge explained, Petitioner states that he is currently detained pending disposition of state criminal charges, satisfying the first part of the test. The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, this Court adopts the Magistrate Judge's recommendation (Dkt. No. 12) and dismisses the petition in this case without prejudice and without requiring the respondent to file an answer.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January _____ 25 _____, 2018
Charleston, South Carolina